IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR WINKFIELD WALKER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIV-10-928-D |
| v. ) | |
| ) | |
| JUMES RUDEK, Warden ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions for robbery with a dangerous weapon after two or more prior felony convictions entered in the District Court of Comanche County, Case No. CF-2003-438, and attempted robbery with a dangerous weapon after two or more prior felony convictions entered in the District Court of Comanche County, Case No. CF-2003-439. For these convictions, Petitioner is serving two, concurrent sentences of twenty years of imprisonment. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state

1

and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." AEDPA's statutory limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

According to documents attached to the Petition, Petitioner, pursuant to plea agreements with the prosecution, entered a plea of *nolo contendere* to the charge in Case No. CF-2003-438 and a guilty plea to the charge in Case No. CF-2003-439 on August 18, 2004, and he was sentenced on the same day. Petitioner did not move to withdraw the pleas within ten days following the entry of judgments of conviction or otherwise appeal the convictions. On February 24, 2010, Petitioner filed an application for post-conviction relief in the cases seeking to withdraw his pleas out of time. The post-conviction application was denied by

the district court on March 30, 2010, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of post-conviction relief on July 27, 2010.

Because Petitioner did not file a motion to withdraw the pleas or timely seek to appeal the plea-based convictions, the convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on August 28, 2004, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period for filing a federal habeas petition challenging these convictions expired one year later, on August 28, 2005, absent statutory or equitable tolling exceptions. Petitioner's post-conviction application did not toll the limitation period because it was filed after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).

The 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)(one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525

3

U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Following a Rule 4 preliminary review of the Petition, the undersigned directed Petitioner to show cause why his Petition should not be dismissed on the basis of untimeliness. In response to the show cause Order, Petitioner urges that he has shown both extraordinary circumstances and diligent pursuit of his federal claims and that he is therefore entitled to equitable tolling of the statute of limitations. Petitioner contends that he has shown extraordinary circumstances because his defense attorney failed to pursue a direct appeal of Petitioner's convictions. Although constitutionally ineffective assistance of counsel may provide cause excusing a state court procedural default, Petitioner's allegation does not explain his failure to timely file a federal habeas petition. Petitioner did not pursue post-conviction relief in the state courts until long after the limitations period expired.

Petitioner alternatively contends that he has shown extraordinary circumstances because he is actually innocent of the offenses he is attempting to challenge. Claims of actual innocence sufficient to warrant tolling must be supported with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see Clemons v. Kansas, No. 10-3005, 2010 WL 2543148, * 3 (10th Cir. June 25, 2010)(unpublished op.)(applying Sclup to habeas petitioner's claim of actual innocence in

4

support of equitable tolling of AEDPA's limitations period); Eby v. Janecka, No. 09-2098, 349 Fed.Appx. 247, 249, 2009 WL 3004440, * 2 (10th Cir. Sept. 22, 2009)(unpublished op.)(same); Diaz v. Milyard, No. 08-1440, 314 Fed.Appx. 146, 149, 2009 WL 458792, * 3 (10th Cir. Feb. 25, 2009)(unpublished op.)(same).

Petitioner points to a "probable cause affidavit" filed in one of the criminal cases. In this probable cause affidavit, a law enforcement officer avers that, following Petitioner's arrest, Petitioner "stated to detectives he was made to participate in both robberies against his will." Petition, att. 3, at 1. Petitioner's self-serving custodial statement does not provide new reliable evidence of his innocence. Petitioner entered a guilty plea and a plea of *nolo contendere* to the charges he is challenging. The transcript of the plea proceeding in Case No. CF-2003-438, which is attached as a an exhibit to the Petition, includes a statement by the prosecutor of the evidence that would have presented to a jury. Petition, att. 3, at 13. This statement made in open court suggests Petitioner's criminal culpability, and Petitioner did not dispute the statement at his plea proceeding. Moreover, Petitioner has provided no new, reliable evidence that conflicts with the statement.

Petitioner's remaining allegations in support of his claim of equitable tolling, including allegations that (1) the trial court failed to conduct hearings on his pretrial motions, (2) Oklahoma's post-conviction procedure is the equivalent of a direct appeal, and (3) the OCCA failed to "review the merits" of Petitioner's claims in his post-conviction appeal, do not demonstrate extraordinary circumstances warranting the equitable tolling of the limitations period.

5

Moreover, even if Petitioner could show extraordinary circumstances, Petitioner was not diligent in pursuing his federal claims. In support of his assertion of diligent pursuit of his claims, Petitioner provides copies of various letters he purportedly submitted to private attorneys, the American Civil Liberties Union, two universities, the United States Department of Justice, the National Association of Criminal Defense Lawyers, the Oklahoma Attorney General's office, and a United States Representative following his convictions. However, this correspondence does not explain why Petitioner waited a significant amount of time before he presented his federal claims. Petitioner is not entitled to equitable tolling of the 28 U.S.C. § 2244(d)(1) limitations period, and his Petition should therefore be dismissed on the basis of its untimely filing.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED upon filing as it is untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __October 6th__ , 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __16th__ day of __September__, 2010.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE