IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR WINKFIELD WALKER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-10-928-D |
| ) | |
| JAMES RUDEK, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected to the Report, which recommends summary dismissal of the Petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). The Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner does not object to Judge Purcell's summary of the underlying facts and the state court record relevant to the timeliness issues. Therefore, the Court accepts Judge Purcell's statement of these facts and adopts them herein without further review.[1]

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 with respect to two convictions on August 18, 2004, of robbery and attempted robbery with

---

[1] The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The consequence of Plaintiff's failure to raise a factual issue is a waiver of further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

a dangerous weapon after two or more felony convictions. The robbery convictions resulted from a plea of no contest in Case No. CF-2003-438 and a plea of guilty in Case No. CF-2003-439 in the District Court of Comanche County, Oklahoma. Petitioner was sentenced the same day to concurrent 20-year terms of imprisonment. He took no timely action to withdraw his pleas or otherwise to appeal the convictions or sentences. However, on February 24, 2010, he filed a state-court application for post-conviction relief seeking to withdraw his pleas out of time. The application was denied on March 30, 2010, and the denial was affirmed on July 27, 2010. The Petition in this case was filed August 26, 2010, asserting claims that Petitioner was denied the right to be present at his preliminary hearing, that prosecutorial misconduct and incompetent trial counsel resulted in a Confrontation Clause violation, and that Petitioner's retained attorney failed to advise or assist him regarding a direct appeal.

Based on these facts, Judge Purcell finds that Petitioner's convictions became final and the one-year limitations period of 28 U.S.C. § 2244(d)(1) began to run ten days after his sentences were imposed, or on August 28, 2004, and that the filing period expired one year later on August 28, 2005. Judge Purcell specifically finds no factual basis for statutory tolling and insufficient allegations to justify equitable tolling of the limitations period. Judge Purcell views Petitioner's claim of ineffective assistance of counsel with respect to a direct appeal as inadequate to explain Petitioner's years of delay in filing a state application or federal petition. Judge Purcell also rejects a claim of actual innocence as inadequate for equitable tolling. Further, Judge Purcell finds that "even if Petitioner could show extraordinary circumstances, Petitioner was not diligent in pursuing his federal claims" because his evidence of numerous refusals of legal assistance – by letters from private attorneys, universities, legal defense organizations, government agencies, and a

2

congressional representative – "does not explain why Petitioner waited a significant amount of time before he presented his federal claims." *See* Report [Doc. 9] at 6.

Petitioner first objects to Judge Purcell's finding that the one-year limitations period began to run on the date Petitioner's convictions became final. Petitioner asserts the "period should begin to run from [the] date Petitioner realized that he had a right to appeal with indigent counsel." *See* Objection [Doc. 14] at 1. Petitioner notes he was represented by retained counsel at the time of plea and sentencing and he was advised of "a right to withdraw his plea within the ten (10) day period." *See id*. at 2. Petitioner contends, however, that his retained counsel failed to advise him regarding a possible appeal and that he was not advised of his right to the appointment of counsel to assist him with attempting to withdraw his pleas or appeal. Petitioner argues that his numerous letters seeking legal assistance show he was unaware of his right to appointed counsel.

AEDPA's limitations period runs from the latest of the date on which (A) the judgment becomes final, (B) an unconstitutional, state-created impediment to filing is removed, (C) a new, retroactively applicable constitutional right is recognized, or (D) "the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence." *See* 28 U.S.C. § 2244(d)(1). Liberally construing Petitioner's arguments due to his *pro se* status, the Court understands that Petitioner seeks the benefit of subsection (D) – that is, he claims his trial counsel abandoned him during the time period for withdrawing his pleas and he did not know, and could not reasonably have discovered, that he was entitled to appointed counsel for this purpose. The Court finds that Petitioner's allegations do not implicate subsection (D). The only "fact" allegedly unknown to Petitioner was that he had a right to appointed counsel for an appeal. An existing legal right is not a "fact" within the meaning of § 2244(d)(1)(D). *See Johnson v. United*

3

*States*, 544 U.S. 295, 307 (a "fact" for purposes of one-year limitations period of § 2255 is matter subject to proof or disproof).[2]

Second, Petitioner asserts that he is entitled to equitable tolling of the limitations period "from the point [the] trial court failed to advise him of [the] right to indigent counsel to assist with an appeal of his plea of guilty or no contest." *See* Objection [Doc. 14] at 3. Petitioner's argument is misplaced. Judge Purcell correctly states that the AEDPA's time limit for filing a federal habeas petition may be tolled under extraordinary circumstances. *See* Report [Doc. 9] at 3-4. Petitioner fails to allege such circumstances. "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner's allegation that he was ignorant of the law and needed the assistance of an attorney is insufficient. *See Yang*, 525 F.3d at 930.

Finally, Petitioner also contends that he is entitled to equitable rolling based on a claim of actual innocence. However, Petitioner has not alleged any facts that would support such a claim. "Actual innocence means 'factual innocence.' A claim that his guilty plea was involuntary does not assert that he did not commit the crime to which he pleaded guilty." *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (internal citations omitted).

---

[2] Further, Petitioner's putative claim has a faulty premise, namely, that his retained counsel had a duty to consult with Petitioner concerning a possible appeal. "An attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea." *Laycock v. State of New Mexico*, 880 F.2d 1184, 1187-88 (10th Cir. 1989). Petitioner fails to allege facts that would bring his case within an exception to this general rule.

Therefore, upon *de novo* consideration of the issues, the Court finds that the Petition is time-barred and should be dismissed upon filing.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 9] in its entirety. The Petition is dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Petitioner's various motions seeking the production of evidence and transcripts [Doc. Nos. 10, 11, 12 and 13] are DENIED as moot.

IT IS SO ORDERED this 1st day of December, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE